IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAELA SULLINS, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:21-cv-391 |
| AT2 MUELLER, LLC, d/b/a MASSAGE HEIGHTS, | § § § § | |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND
DEMAND FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, MICHAELA SULLINS, by and through her counsel, hereby files this Complaint against Defendant, AT2 MUELLER, LLC, d/b/a MASSAGE HEIGHTS for willful violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("TITLE VII"), and the Texas Labor Code §21.051 *et seq.* ("TCHRA"). In support of her causes of action, Plaintiff states the following:

**I.
INTRODUCTION**

1. Plaintiff brings this action alleging that Defendant discriminated against her by terminating her because of her sex, in violation of the TITLE VII and TCHRA. Defendant terminated Plaintiff within hours of Plaintiff informing the Defendant that she was pregnant, despite Plaintiff never having been reprimanded, counseled, coached or warned about her performance. Defendant's stated reason for terminating Plaintiff was

that she was "not learning [the job] fast enough." Plaintiff seeks damages for sex discrimination as outlined below.

## II.
## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff, MICHAELA SULLINS, is an individual residing in Austin, Texas.

3.      Defendant, AT2 MUELLER, LLC, d/b/a MASSAGE HEIGHTS (hereinafter referred to as "AT MUELLER") is a corporate entity formed and existing under the laws of the State of Texas.

4.      Defendant, at all relevant times, operated a massage and skin therapy business in Austin, Texas.

5.      The events at issue in this Complaint occurred at Defendant's location at 1911 Aldrich Street, Suite 170, Austin, Texas 78723.

6.      This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 USC § 1331.

7.      Plaintiff exhausted her administrative remedies under the TITLE VII and TCHRA by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission, Civil Rights Division ("TWC"), and receiving notice of her right to file this action pursuant to those statutes.

8.      Venue is proper in this district and division under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## III.
## FACTUAL BACKGROUND

9. On December 26, 2019, Plaintiff began working for Defendant as a Lifestyle Consultant.

10. Plaintiff incurred no discipline, reprimand, admonition or other counseling throughout her employment with Defendant.

11. Plaintiff was hired by Heidi Summers, Retreat Director for Defendant, who told Plaintiff that she would spend her first day of work watching an orientation video before receiving five (5) days of hands-on training.

12. On December 27, 2019, Plaintiff received her first day of hands-on training and received positive feedback from her trainers.

13. On the morning of December 28, 2019, Plaintiff informed Ms. Summers that she was pregnant. Plaintiff had not disclosed her pregnancy to Ms. Summers before this conversation. Later that day, Ms. Summers fired the Plaintiff.

14. When Plaintiff requested an explanation, Ms. Summers responded that Plaintiff was "not learning [the job] fast enough."

15. At this point in her employment with the Defendant, Plaintiff had not even completed her second day of hands-on training; was performing as well or better than other trainees; and, neither Ms. Summers nor anyone else employed by Defendant indicated that Plaintiff's performance was inadequate.

## IV.
## CAUSES OF ACTION

### Sex Discrimination

16. Plaintiff incorporates paragraphs 1-15, *supra*, as if repeated verbatim.

17. TITLE VII and the TCHRA prohibit discrimination targeted at an employee over 40 years of sex/pregnancy on the basis of her sex.

18. At all times relevant to this Complaint, Defendant was an employer within the meaning of the TITLE VII and the TCHRA.

19. At all times relevant to this Complaint, Plaintiff was an employee within the meaning of the TITLE VII and the TCHRA.

20. Plaintiff, a female, belongs to a class protected under the TITLE VII and the TCHRA.

21. Defendant unjustifiably terminated Plaintiff's employment after Plaintiff disclosed that she was pregnant.

22. Defendant's decision to terminate Plaintiff was because of her sex.

23. Defendant discriminated against Plaintiff based on her sex and acted intentionally and with reckless disregard to Plaintiff's rights under the TITLE VII and the TCHRA.

24. The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth below.

## V.
## DAMAGES

25. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic damages, including past and future lost income, interest on back and front pay, job search expenses, and other consequential and incidental financial damages.

26. Defendant's oppressive and/or malicious conduct calls for the imposition of damages in an amount sufficient to deter Defendant from engaging in such acts of discrimination in the future in the form of compensatory and punitive damages pursuant to Texas Labor Code § 21.2585.

## VI.
## ATTORNEYS' FEES

27. A prevailing party may recover reasonable attorneys' and experts' fees under the TITLE VII and TCHRA.

28. Plaintiff seeks all reasonable and necessary attorneys' fees and expert witness fees in this case from Defendant.

29. Plaintiff additionally seeks recovery of all costs associated with the prosecution of this action.

## VII.
## JURY DEMAND

30. Plaintiff demands a trial by jury of all the issues and facts in this case.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause and that Defendants be cited to

appear;

2. The Court award Plaintiff economic damages, as specified above;

3. The Court award Plaintiff compensatory, and/or punitive damages as specified above;

3. The Court award Plaintiff the equitable remedy of reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff her reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed; and

6. The Court award Plaintiff any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

ROSS SCALISE LAW GROUP
1104 San Antonio Street
Austin, Texas 78701
T: (512) 474-7677
F: (512) 474-5306

*/s/ Trenton N. Lacy*
**Daniel B. Ross**
State Bar No. 00789810
Dan@rosslawgroup.com
**Trenton N. Lacy**
State Bar No. 24106176
Trenton@rosslawgroup.com

**ATTORNEYS FOR PLAINTIFF**